J-S65009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMAR WHITE | |
| Appellant | No. 2515 EDA 2013 |

Appeal from the Judgment of Sentence July 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011687-2011

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED DECEMBER 22, 2014**

Appellant, Amar White, appeals from the judgment of sentence entered after his probation was revoked by the Honorable Carolyn H. Nichols, Court of Common Pleas of Philadelphia County. Additionally, White's appointed counsel, the Defender Association of Philadelphia,[1] has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] Karl Baker, Esquire, Owen W. Larrabee, Esquire, and Ellen T. Greenlee, Esquire of the Defender Association of Philadelphia have all entered appearances on behalf of White in this Court. However, Victor Rauch, Esquire, of the Defender Association of Philadelphia has executed most of the pertinent documents filed pursuant to the petition to withdraw. For ease of discussion, we will treat the Defender Association of Philadelphia as the petitioning attorney.

Pa. 159, 978 A.2d 349 (2009). After careful review, we affirm White's judgment of sentence and grant counsel's petition to withdraw.

White pled guilty to one count of possession of narcotics with intent to deliver. The trial court sentenced White to a term of incarceration of eleven and one half months to twenty-three months, to be followed by a two-year period of probation. The trial court granted White immediate parole pursuant to time already served.

Four months later, White was brought before Judge Nichols again on allegations that he had violated his probation. At the hearing, White admitted that he had a drug problem, and requested that he be permitted to attend drug treatment. Judge Nichols lifted White's detainer, but found him in violation. Judge Nichols imposed a new sentence, which increased the probationary period to four years.

As noted, the Defender Association of Philadelphia has requested to withdraw and has submitted an *Anders* brief in support thereof contending that Appellant's appeal is frivolous. The Supreme Court of Pennsylvania has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case

> law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 602 Pa. 159, 178-79, 978 A.2d 349, 361 (2009).

We note that the Defender Association of Philadelphia has complied with the technical requirements of ***Anders*** as articulated in ***Santiago***. Additionally, the Defender Association of Philadelphia confirms that it sent a copy of the ***Anders*** brief to White as well as a letter explaining to White that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to the Defender Association of Philadelphia's petition, as required by this Court's decision in ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." ***Id***. at 749 (emphasis in original).

We will now proceed to examine the issue counsel set forth in the ***Anders*** brief.[2] Counsel raises only one issue for our review. White contends that the sentence imposed by the trial court was excessive.

On appeal from a judgment of sentence following the revocation of probation

---

[2] White has not filed a response to the Defender Association of Philadelphia's petition to withdraw.

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *See Commonwealth v. Infante*, 585 Pa. 408, 420, 888 A.2d 783, 791 (2005). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*., 585 Pa. at 421, 888 A.2d at 791. Technical violations are sufficient to trigger revocation. *See Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

As noted above, White contends that the addition of time to his probationary sentence is excessive. This claim raises a challenge to the discretionary aspects of the sentence imposed. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*.

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.[3] *See id*. "Our inquiry must focus on

_____

[3] Rule 2119 provides the following, in pertinent part:

...

**(f) Discretionary aspects of sentence**. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied

*(Footnote Continued Next Page)*

the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, White's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. White argues in his Rule 2119(f) statement that the sentence imposed by the trial court was "excessive." Appellant's Brief at 6. It is well-settled that a generic claim that a sentence is excessive does not raise a substantial question for our review. *See*, *e.g.*, *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013). Additionally, White fails to point to any sentencing factors the lower court allegedly failed to take into consideration, or otherwise detail the manner in which the court purportedly violated the sentencing code. Accordingly, White fails to raise a substantial question for our review and his challenge to the discretionary aspects of his sentence is without merit. *See Tirado*; *McAfee*.

_____
*(Footnote Continued)*

 upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P., Rule 2119(f), 42 PA.CONS.STAT.ANN.

After examining the issues contained in the ***Anders*** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014