J-S11003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID MICHAEL HASTINGS | |
| Appellant | No. 1405 MDA 2014 |

Appeal from the Judgment of Sentence July 23, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002877-2012

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 07, 2015**

Appellant, David Micheal Hastings, appeals from the judgment of sentence entered after his participation in the Lackawanna County Drug Treatment Court Program ("the Program") was terminated.  Additionally, Hastings's court appointed counsel, Donna M. DeVita, Esq., has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Hastings's judgment of sentence and grant counsel's petition to withdraw.

In June 2013, Hastings pled guilty to unauthorized use of his sister's motor vehicle, and was admitted into the Program.  As part of his plea agreement, Hastings signed an agreement to abide by the rules and

regulations of the Program. Failure to abide by those rules would allow the court to terminate his participation in the Program.

In December 2013, the trial court issued a bench warrant for Hastings, as he had missed scheduled appointments with his probation officer. It was later discovered that Hastings had pled guilty to assault – intent to cause physical injury, in Broome County, New York, on February 25, 2014. A hearing on these violations was held on July 23, 2014. At the hearing, Hastings admitted to technical violations, as well as the criminal charges in New York. The trial court then terminated Hastings's participation in the Program, and sentenced him to an aggravated range sentence of 12 to 24 months' imprisonment.

Hastings filed post-sentence motions asserting that the sentence was harsh and excessive. The trial court denied these motions, and this timely appeal followed.

As noted, Hastings's appointed counsel has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Hastings's appeal is frivolous. The Supreme Court of Pennsylvania has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

We note that counsel has substantially complied with the technical requirements of *Anders* as articulated in *Santiago*.[1]  Additionally, counsel confirms that she sent a copy of the *Anders* brief to Hastings as well as a letter explaining to Hastings that he has the right to proceed *pro se* or the right to retain new counsel.  A copy of the letter is appended to counsel's *Anders* brief, as required by this Court's decision in *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights."  *Id*. at 749 (emphasis in original).  Hastings has not filed a response to the petition.

We will now proceed to examine the issues counsel has set forth in the *Anders* brief.  Counsel identifies only three issues for our review, two of which concern the discretionary aspects of the sentence imposed by the trial

---

[1] Counsel failed to assert in her petition that she reviewed the record and has found no meritorious issues.  She has included such assertions in her *Anders* brief and in her letter to Hastings.  Furthermore, our independent review of the record does not reveal any meritorious issues.  Thus, we conclude that the absence of this assertion from the petition is merely an oversight by counsel, and not indicative of a failure to actually review the record.

court. The remaining issue challenges the trial court's termination of Hastings's participation in the Program.

On appeal from a judgment of sentence following the revocation of probation

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citations omitted). This scope of review encompasses a review of the discretionary aspects of the sentence imposed after revocation. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *See Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*., at 791. Technical violations are sufficient to trigger

revocation. *See Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

Hastings admitted to technical violations of the Programs conditions, as well as the assault conviction in New York. *See* N.T., 7/23/14, at 2. Any one of these violations was sufficient to permit revocation of his participation in the Program. Thus, we concur with counsel's assessment that this claim is wholly frivolous.

In his final two issues, Hastings contends that the sentence imposed by the trial court was excessive and that the court erred in running the sentence consecutive to his sentence on other charges. As noted above, these issues challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a

concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation omitted).

In the present case, Hastings's brief contains the requisite Rule 2119(f) statement. Hastings argues that the sentence imposed by the trial court was excessive. It is well-settled that a generic claim that a sentence is excessive does not raise a substantial question for our review. *See*, *e.g.*, *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013). Hastings does not cite to any specific provision of the sentencing code that was violated, but contends that the court improperly weighted the evidence before it at sentencing. This is simply a bald allegation of excessiveness, which does not raise a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002). Additionally, we observe that the

trial court thoroughly identified the factors that led him to impose the sentence at issue: the leniency the sentencing courts had initially shown and Hastings had abused, and Hastings's inability to take responsibility for his own actions. **See** N.T., 7/23/14, at 6-7. Thus, the sentence imposed by the trial court does not constitute an abuse of discretion, and we agree with counsel that this issue is wholly meritless.

Finally, Hastings argues that running the sentence consecutive to an existing sentence constituted an abuse of discretion. "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted). Challenges to this exercise of discretion generally do not raise a substantial question. **See id**. A challenge to consecutive sentences will *only* raise a substantial question in the *most extreme* cases, such as those where aggregate sentence is unduly harsh, considering nature of the crime and length of imprisonment. **See id**. That is simply not the case here. Hastings's final claim is without merit.

As we conclude that Hastings's issues on appeal are without merit, and our independent review of the record reveals no possibly meritorious issues, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015