J-S03022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALSHIEM THOMPSON | |
| Appellant | No. 1520 EDA 2014 |

Appeal from the Judgment of Sentence November 14, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007558-2007
CP-51-CR-0011042-2007

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 14, 2015**

Appellant, Alshiem Thompson, appeals from the judgment of sentence entered after his probation and parole were revoked due to the filing of new charges against him. Additionally, Thompson's court appointed counsel, Jennifer A. Santiago, Esq., has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Thompson's judgment of sentence and grant counsel's petition to withdraw.

On September 24, 2012, Thompson was arrested when he was found in a van with his legs over a mat that concealed a loaded handgun. At the time, Thompson was on parole from a conviction for possession of a

controlled substance, as well as being on probation for a conviction for possession of a controlled substance with intent to deliver ("PWID").

The Commonwealth moved to revoke both his probation and his parole, and a revocation hearing was held before the Honorable Glenn B. Bronson, who had not imposed either of the underlying sentences. At the end of the hearing, Judge Bronson found Thompson to be in violation of the terms of his probation and parole, and revoked both. After a sentencing hearing on November 14, 2013, Judge Bronson sentenced Thompson to a term of imprisonment of 1 1/2 to 5 years, followed by 3 years of probation on the probation violation, and sentenced Thompson to back time on the parole violation. Thompson filed a timely motion for reconsideration of sentence on Monday, November 25, 2013.[1] Judge Bronson denied Thompson relief, and Thompson filed this appeal *pro se*.[2]

_____

[1] Prior to filing the motion for reconsideration, Thompson filed a notice of appeal to this Court. That appeal was withdrawn by Thompson shortly after he filed the motion for reconsideration. Thompson's notice of appeal filed on April 10, 2014 was untimely. *See Commonwealth v. Coleman*, 721 A.2d 798 (Pa. Super. 1998). However, at the close of sentencing, Judge Bronson requested Thompson's then-counsel to file a motion for reconsideration to "protect his appellate rights" before withdrawing from the case. *See* N.T., 11/14/13, at 89. We conclude that since the procedure followed by counsel followed the directions given by Judge Bronson, the untimely appeal in this case was the result of a breakdown in the court's operation, and therefore decline to quash the appeal. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa. Super. 2001).

[2] Thompson filed one notice of appeal covering both sentences. The filing of one notice of appeal from orders entered at different docket numbers "has
*(Footnote Continued Next Page)*

long been discouraged." 20 G. Ronald Darlington, et al., Pennsylvania Appellate Practice § 341:3.102 (2013-2014 ed.) (footnote omitted). This policy is set forth in the *Note* to Rule 341, which states that "[w]here, however, one or more orders resolve issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P., 341 *Note*.

Courts, however, have not automatically quashed such appeals. For instance, our Supreme Court considered this question in ***General Electric Credit Corp. v. Aetna Casualty & Surety Co.***, 263 A.2d 448 (Pa. 1970), where the appellant filed a single appeal from two separate judgments entered against it. Upon considering these facts, our Supreme Court stated:

> Taking one appeal from several judgments is not acceptable practice and is discouraged. It has been held that a single appeal is incapable of bringing on for review more than one final order, judgment or decree. When circumstances have permitted, however, we have refrained from quashing the whole appeal, but this Court has quashed such appeals where no meaningful choice could be made.

***Id***. at 452-453 (internal citations and footnotes omitted).

Similarly, this Court, citing ***General Electric Credit Corp.***, declined to quash where counsel for appellants filed only one notice of appeal from separate orders denying each appellant's motion to intervene. ***See Egenrieder v. Ohio Casualty Group***, 581 A.2d 937, 940 n.3 (Pa. Super. 1990). The panel noted that counsel should have filed a separate notice of appeal for each appellant and that the appeals would then have been subject to consolidation. ***See id***. ***But see Commonwealth v. C.M.K.***, 932 A.2d 111 (Pa. Super. 2007) (court quashing single notice of appeal by criminal co-defendants who were tried jointly but sentenced individually).

Thus, the filing of one notice of appeal is "discouraged," but both our Supreme Court and this Court have refrained from quashing an appeal where "circumstances have permitted." Our examination of the circumstances of this appeal lead us to the conclusion that it is appropriate to review both the revocation of parole and the revocation of probation in this single appeal.

As noted, Thompson's appointed counsel has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Appellant's appeal is frivolous. The Supreme Court of Pennsylvania has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

We note that counsel has complied with the technical requirements of **Anders** as articulated in **Santiago**. Additionally, counsel confirms that she sent a copy of the **Anders** brief to Thompson as well as a letter explaining to Thompson that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to counsel's **Anders** brief, as required by this Court. **See Commonwealth v. Daniels**, 999 A.2d 5990, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).

- 4 -

We will now proceed to examine the issues counsel has set forth in the *Anders* brief.[3] Counsel identifies only two issues for our review. Thompson contends that Judge Bronson did not have jurisdiction over his probation or parole, as Judge Bronson was not the judge who had imposed the original sentences.

On appeal from a judgment of sentence following the revocation of probation

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).

*Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. *See Commonwealth v. Infante*, 888 A.2d 783, 791 (Pa. 2005). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective

_____

[3] Thompson has not filed a response to counsel's petition to withdraw.

vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.*, at 791 (citations omitted). Technical violations are sufficient to trigger revocation. *See Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

Counsel certifies that she has found no authority to support Thompson's argument that Judge Bronson did not have jurisdiction, and the Commonwealth agrees. Our own independent review has found no such authority. Furthermore, Thompson's argument elevates a mere preference to a jurisdictional rule. Obviously, the court system prefers to allow a sentencing judge, who best knows the circumstances of the sentence imposed, the opportunity to deal with alleged violations of that sentence. However, that preference is administrative only, and does not constitute a right held by defendants. We therefore agree with counsel that this issue is wholly meritless.

Next, Thompson contends that the sentence imposed is excessive. This claim raises a challenge to the discretionary aspects of the sentence imposed. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects

of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.[4] *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in

_____

[4] Rule 2119 provides the following, in pertinent part:

> **(f) Discretionary aspects of sentence**. An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P., Rule 2119(f), 42 Pa.Cons.Stat.Ann.

contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation omitted).

In the present case, Thompson's appellate brief does not contain the requisite Rule 2119(f) concise statement, and, as such, this issue could be technically waived. **See, e.g.**, **Commonwealth v. Gambal**, 561 A.2d 710, 713 (Pa. 1989). Furthermore, the argument section of counsel's **Anders** brief does not separately list the arguments regarding each issue identified. However, rather than remand for an appropriate **Anders** brief, we will address Thompson's issue on the merits in the interest of judicial efficiency.

Thompson argues that the sentence imposed by the trial court was excessive. It is well-settled that a generic claim that a sentence is excessive does not raise a substantial question for our review. **See**, **e.g.**, **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013). Additionally, we observe that Judge Bronson thoroughly identified the factors that led him to impose the sentences at issue: Thompson's significant criminal history, the leniency the sentencing courts had initially shown and Thomspon had abused, and Thompson's inability to recognize the seriousness of the charges he was facing. Pursuant to this reasoning, we conclude that the sentences imposed by Judge Bronson do not constitute an abuse of discretion, and therefore, we agree with counsel that this issue is wholly frivolous.

After examining the issues contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015