J-S43027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH KWAHA | |
| Appellant | No. 2773 EDA 2014 |

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001941-2013
CP-51-CR-0001943-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 14, 2015**

Appellant, Joseph Kwaha, appeals from the judgment of sentence entered on August 12, 2014, after he pled guilty in an open guilty plea to charges of aggravated assault, accident involving death or personal injury, and possession of an instrument of crime ("PIC").[1] He also pled guilty to charges of possession of controlled substance with intent to deliver, possession of firearm – prohibited, and fleeing or attempting to elude officer.[2] Additionally, Kwaha's court appointed counsel, Stanley R. Krakower, Esquire, has filed an application to withdraw as counsel pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978

---

[1] All charges docketed at CP-51-CR-1941-2013.
[2] All charges docketed at CP-51-CR-1943-2013.

A.2d 349 (Pa. 2009). We affirm and grant attorney Krakower's application to withdraw.

Police observed a car, later determined to be driven by Kwaha, ignore a stop sign. The police attempted to pull the car over, but Kwaha fled. While fleeing from the police, Kwaha struck a pedestrian with his car, shattering the victim's pelvis. Kwaha then drove into a telephone pole, starting a fire that disabled electricity service to the neighborhood. Kwaha then exited the vehicle and ran. Officers caught Kwaha and subdued him after a brief fight.

After arresting Kwaha, officers found multiple packets of heroin, crack cocaine, and marijuana, as well as $461 in cash on his person. They also recovered a handgun from the floor of the car.

Following a colloquy, Kwaha pled guilty to the counts set forth above. That same day, the court sentenced Kwaha to two years of probation for his PIC and fleeing and eluding convictions. The court then recessed to allow for the preparation of a presentence investigation report. After receiving the report, the court sentenced Kwaha to an aggregate sentence of nine and a half to twenty years' incarceration for his aggravated assault conviction, as well as $9,112.92 in restitution. Kwaha did not file any post sentence motions or a motion to withdraw his guilty plea.

Kwaha filed a timely appeal. After trial counsel was permitted to withdraw, and new counsel was appointed, a second order directing counsel to file a Rule 1925(b) statement was filed. Initially, no such statement was

filed, and Attorney Krakower filed his application to withdraw and **Anders** brief in this Court. We observed that under **Commonwealth v. McBride**, 957 A.2d 752, 756 (Pa. Super. 2008), attorney Krakower was required to file either a Rule 1925(b) statement or a notice of intent to file an **Anders** brief with the trial court, and therefore remanded the case. Attorney Krakower subsequently filed a notice of intent to file an **Anders** brief, and this appeal is now properly before us.

When court-appointed counsel seeks to withdraw from representation on appeal, counsel must meet the following requirements.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.**, at 355 n.5 (citation omitted).

Counsel has substantially complied with the technical requirements of **Anders** as articulated in **Santiago**. Additionally, counsel confirmed that he sent a copy of the **Anders** brief to Kwaha, as well as a letter explaining to

Kwaha that he has the right to proceed *pro se* or the right to retain new counsel. **See Commonwealth v. Daniels**, 999 A.2d 5990, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). Kwaha has not filed a response.

We will now proceed to examine the issues counsel has set forth in the **Anders** brief. Counsel identifies four issues that Kwaha desires to raise, which upon examination resolve to two issues. First, Kwaha contends that his guilty plea was involuntary due to counsel's failure to explain the consequences of his plea. However, we observe that claims of ineffectiveness of counsel are generally not ripe until collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). To the extent that Kwaha's argument hinges on circumstances other than counsel's effectiveness, our review of the record indicates that he was fully apprised of the consequences of his plea during his oral colloquy with the trial court. **See** N.T., Guilty Plea, 3/24/14, at 14-21. We therefore agree with counsel's assessment that this issue is wholly meritless.

In his second issue, Kwaha contends that the aggregate sentence of imprisonment imposed is excessive. As the Commonwealth notes, none of the sentences imposed exceed the statutory maximum, nor is Kwaha arguing against the imposition of mandatory minimums. Thus, his claim raises a challenge to the discretionary aspects of the sentence imposed.

*See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*. (citation omitted).

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast

to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted).

In the present case, Kwaha's appellate brief does not contain the requisite Rule 2119(f) concise statement, and, as such, this issue could be technically waived. ***See***, ***e.g.***, ***Commonwealth v. Gambal***, 561 A.2d 710, 713 (Pa. 1989). Furthermore, the argument section of counsel's ***Anders*** brief does not separately list the arguments regarding each issue identified. However, rather than remand for an appropriate ***Anders*** brief, we will address Kwaha's issue on the merits in the interest of judicial efficiency.

Kwaha argues that the sentence imposed by the trial court was excessive. It is well-settled that a generic claim that a sentence is excessive does not raise a substantial question for our review. ***See***, ***e.g.***, ***Commonwealth v. Christine***, 78 A.3d 1, 10 (Pa. Super. 2013). Furthermore, while the sentences are aggravated range sentences, they are within the guidelines. The trial court observed that

> [t]here's a lot going on. There's a lot of damage and harm that you caused, not only to the individual; he was badly injured, almost killed, but also to the community, that the power grid was taken down.
>
> There were fires there; homes could have burned down. We are very fortunate – you could have been killed, yourself in a fiery crash.
>
> This was a catastrophe, and the sentence has to reflect that.
>
> Now of course, we do give consideration to the fact that you did plead guilty and there was energy saved, expense and time and cost to the Commonwealth, as well as – the complaining witness

- 6 -

didn't have to come in and be put through that, certainly that has to be given its due consideration, but this is a very, very serious matter, and looking at the recommendation of your counsel, at the five-to-ten years, six to 12-year range; looking at the seriousness of that – of this matter, I have to go past that.

…

This isn't the first time that he fled the police. At least three times, including Upper Darby; other counties you have done the same thing. It didn't result in that kind of catastrophe, but it's a matter of time before it gets there and now we are here, we are at this time, so the sentence has to reflect the gravity.

N.T., Sentencing, 8/12/14, at 43-46.

This discussion indicates that the trial court carefully considered the circumstances of the case and the impact of the sentence upon Kwaha. Furthermore, the trial court also had the benefit of a pre-sentence investigation before imposing sentence. Where the court had the benefit of a pre-sentence investigation report, there is a presumption that the court was aware of information relating to the defendant's character, and considered that information along with the mitigating statutory factors. *See* *Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005); *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004). As such, we agree with counsel that Kwaha's challenge to the discretionary aspects of his sentence is wholly meritless.

After examining the issues contained in the *Anders* brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel is granted. Jurisdiction relinquished.

President Judge Gantman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015