J-S55012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GINA MARIA MARCHESE, | : | |
| | : | |
| Appellant | : | No. 39 MDA 2017 |

Appeal from the Judgment of Sentence Entered December 12, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000629-2015,
CP-41-CR-0001773-2015

BEFORE: DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:               **FILED SEPTEMBER 11, 2017**

Appellant, Gina Marchese, appeals from the Judgment of Sentence[1]

entered following the revocation of her probation. Appellant challenges the

discretionary aspects of her sentence, arguing that, in imposing an

aggregate term of two to five years' imprisonment, the violation of probation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the "Order" entered December 12, 2016. However, an appeal does not lie from an Order revoking probation because it is not a final order. **See Commonwealth v. Heilman**, 876 A.2d 1021, 1026 (Pa. Super. 2005). Generally, a criminal defendant may only appeal from a Judgment of Sentence, which constitutes a final order for purposes of Pa.R.A.P. 341. **Id.** For clarity, the VOP court revoked Appellant's probation and imposed a new sentence on December 1, 2016. This Order and Judgment of Sentence was not filed and entered on the docket until December 12, 2016. Here, although the same Order revoked Appellant's probation and imposed a new sentence, this document is properly considered a Judgment of Sentence. We have changed the caption from "Order" to "Judgment of Sentence" accordingly.

("VOP") court imposed an excessive and unreasonable sentence. After careful review, we affirm on the basis of the VOP court's April 24, 2017 Opinion.

The facts, as gleaned from the VOP court's Pa.R.A.P. 1925(a) Opinion, are as follows. On October 16, 2015, Appellant entered a guilty plea at docket No. CP-41-CR-0000629-2015 to one count of Theft by Unlawful Taking.[2] The trial court imposed a sentence of 12 months' probation.

On November 9, 2015, Appellant entered a guilty plea at docket No. CP-41-CR-0001773-2015 to one count of Harassment and two counts of Disorderly Conduct.[3] The trial court imposed a term of 12 months' probation on each count to run consecutively to each other for an aggregate term of 36 months' probation.

While serving her probationary sentence under the trial court's supervision, police cited Appellant for summary offenses, including Harassment and Disorderly Conduct for calling 911 repeatedly without reporting an emergency and calling other individuals throughout the night. On November 1, 2016, after conducting a 60-day mental health diagnostic evaluation of Appellant while in state custody, Psychologist Lisa Marie

---

[2] 18 Pa.C.S. § 3921.

[3] 18 Pa.C.S. § 2709 and 18 Pa.C.S. § 5503, respectively.

Hagerman submitted a mental health report to the court. On December 1, 2017, the trial court, sitting as the VOP court, conducted a VOP hearing.

After consideration of Appellant's recent police contacts, her new summary offenses, and Appellant's concession that she violated her probation, the VOP court found Appellant had violated her probation. The court resentenced Appellant to an aggregate term of two to five years' incarceration.[4] Appellant filed a Motion to Reconsider her VOP sentence on December 8, 2016, which the VOP court denied on December 14, 2016.

Appellant filed a timely Notice of Appeal. Both Appellant and the VOP court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

1. Whether the [VOP] court abused its discretion at [Appellant's VOP] hearing by imposing a manifestly excessive and unduly harsh sentence[?]

Appellant's Brief at 4.

Appellant avers that the VOP court's sentence was excessive and unreasonable. Appellant's Brief at 8. Initially, we note that Appellant's claim implicates the discretionary aspects of sentencing. ***See Commonwealth v. Hornaman***, 920 A.2d 1282, 1283-84 (Pa. Super. 2007)

_____

[4] The VOP court imposed a term of two to five years' incarceration on Appellant's Theft by Unlawful Taking conviction at docket No. CP-41-CR-0000629-2015. The VOP court imposed no further punishment on the remaining three counts at docket No. CP-41-CR-0001773-2015.

(concluding that a claim that trial court imposed an excessive and unreasonable sentence implicated a discretionary aspect of sentence).

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test: "(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)." *Id.* (citation omitted).

Appellant met the first three requirements of the above test. We thus consider whether Appellant has presented a substantial question in her Pa.R.A.P. 2119(f) Statement. An appellant raises a "substantial question" when she "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

In her Pa.R.A.P. 2119(f) Statement, Appellant summarily claims that the VOP court imposed a manifestly excessive VOP sentence of two to five years' incarceration. Appellant's Brief at 8. Appellant argues that the VOP

court's sentence constituted an abuse of discretion given "the mitigating factors, such as [Appellant's] mental health and borderline intellectual functioning [. . .] in addition to considerable depression anxiety." *Id.* "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011). *See also Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (concluding that a claim that a sentence is manifestly excessive presents a "substantial question" for review). Thus, we will review the merits of Appellant's claim.[5]

In an appeal from a probation revocation order, "[o]ur standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa. Super. 2006) (citing 42 Pa.C.S. § 9771(b)). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's

---

[5] Appellant's argument that the sentencing court failed to consider mitigating factors does not present a substantial question appropriate for our review. *See Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004); *Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)). To the extent Appellant argues that the trial court failed to consider various mitigating factors, we will not consider these arguments.

- 5 -

decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citation and quotation omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." **Id.** (citation and quotation omitted).

The Honorable Mark F. Lovecchio has authored a comprehensive, thorough, and well-reasoned Pa.R.A.P. 1925(a) Opinion, with references to relevant facts of record, including numerous facts contained in Appellant's mental health evaluation, and citations to relevant case law. After a careful review of the parties' arguments and the record, we discern no abuse of discretion or error of law and we affirm on the basis of that Opinion. VOP Court Opinion, filed 4/24/17, at 2-6 (recounting the factors it took into consideration, including, *inter alia*, Appellant's "mental health issues and intellectual functioning[,]" prior drug abuse, ongoing alcohol abuse, her failures at previous treatment attempts, her long history of non-compliance with supervision, and Appellant's future risk of violent and predatory behaviors).

The parties are directed to attach a copy of the VOP court's April 24, 2017 Pa.R.A.P. 1925(a) Opinion to all future filings.

Judgment of Sentence affirmed.

Judge Ransom joins the memorandum.

Judge Strassburger files a Concurring Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/11/2017

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH : No. CR-629-2015
                                 : CR-1773-2015
vs.                    RECEIVED :
                                 :
                          APR 2 5 2017 :
GINA MARCHESE,
        Appellant DISTRICT ATTORNEY

## OPINION IN SUPPORT OF ORDER OF DECEMBER 1, 2016 IN COMPLIANCE WITH RULE 1925(A) OF THE RULES OF APPELLATE PROCEDURE

On December 1, 2016 following a hearing and based the appellant's counseled admissions, the court found that the appellant violated the conditions of her probation by being convicted of the summary offenses of harassment and disorderly conduct and by failing to comply with the directives of her Adult Probation Officer.

As a result, the court revoked the appellant's probation and under Information 629-2015, with respect to count 1, theft by unlawful taking, a misdemeanor of the first degree, the court sentenced the appellant to undergo incarceration in a State Correctional Institution, the minimum of which was two (2) years and the maximum of which was five (5) years.

Under Information 1773-2015, with respect to count 3, disorderly conduct, count 5, disorderly conduct, and count 6, harassment, all misdemeanors of the third degree, the court imposed a sentence of guilt without further punishment.

The sentence was effective December 1, 2016 although the appellant was

1

given credit for time served from December 4, 2016 to November 30, 2016. The appellant was found not to be RRRI eligible because of a prior conviction for simple assault. She was also found to not be eligible for the state motivational boot camp.

The appellant filed a timely appeal. The sole claim asserted on appeal is that the trial court abused its discretion by imposing an unduly harsh and manifestly excessive sentence. In her concise statement of matters complained of on appeal, the appellant contends that the sentence was unduly harsh and manifestly excessive, following a 60-day diagnostic evaluation at a State Correctional Institution, "without fully taking into consideration her mental health and her borderline intellectual functioning."

This Opinion is being submitted in support of the court's December 1, 2016 sentencing order.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill-will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016)(citing *Commonwealth v. Hoch*, 936 A.2d 515, 517-18 (Pa. Super. 2007)).

The appellant has not alleged that the court's sentence was the result of partiality, prejudice, bias or ill-will. Rather, she alleges that the sentence was manifestly excessive or unreasonable.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of

2

the crime, the defendant's character and the defendant's display of remorse, defiance or indifference.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) (quoting *Commonwealth Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003)).

In fashioning a sentence following a violation of probation (VOP), the court must consider not only the dictates of 42 Pa. C.S.A. § 9771 (c) but also the factors set forth in 42 Pa. C.S. § 9721 (b). *Derry*, 150 A.3d at 994. In other words, the sentence must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." As well, the court must consider whether the sentence imposed is, among other things, essential to vindicate the authority of the court and must give due consideration to the time spent serving the order of probation. *Id.*

In a VOP context, however, the court enjoys a greater degree of deference. *Id.* at 995 n.2 (citing *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014)).

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. …it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence.

*Id.* at 992 (citing *Pasture*, supra.) Further,

> since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant.

*Id.* at 995 n.2 (quoting *Pasture*, 107 A.3d at 28).

3

This court's sentence was not manifestly unreasonable. The record clearly shows that the court took several factors into consideration when formulating the new sentence. Among other things, the court considered the appellant's long history under supervision. The court considered that the appellant was on probation for four separate counts. Contrary to what the appellant claims, the court did consider her mental health issues and intellectual functioning. The court referenced the Department of Correction's evaluation report concluded that the appellant's criminal conduct was not a result of her mental health issues but related primarily to her inability to stop drinking alcohol. The report noted and the court considered the fact that the appellant admitted to continuing to use alcohol on a daily basis even while under supervision.

The court noted in its sentencing order that while the appellant was on supervision, she was provided a host of opportunities, including inpatient treatment, mental health court, outpatient treatment for drug and alcohol, as well as outpatient treatment for mental health issues. The court considered the fact that the appellant was in four separate drug and alcohol treatment facilities and may have developed borderline personality and anti-social personality disorders "perhaps related to her decades of alcohol abuse."

The court also specifically stated the following in its sentencing order: "A state sentence is necessary to protect the public. A state sentence is consistent with the gravity of [the appellant's] continued failures on supervision. A state sentence is necessary because [the appellant's] continued drinking, and continued misconduct indicates that it is likely that she will commit other offenses in the future. The court has considered the length of time [the appellant] has been on supervision, and it has been a very short period of time without the

4

[appellant] committing new misconducts."

A review of the sentencing transcript further supports the court's conclusions. The court noted that at a preliminary probation violation hearing in September, it ordered that the appellant be transported to Muncy for a 60-day evaluation. The appellant admitted that she was not supposed to be drinking because she was on probation. Her diagnoses, in fact, shocked the court. They were alcohol use disorder moderate to severe, unspecified alcohol related disorder, unspecified bipolar related disorder, and cocaine use disorder.

The appellant was identified as having a borderline IQ. More importantly, she was identified as having a violence behavior risk and predatory risk. With respect to her violent behavior or re-offense risk, it was identified that the appellant had anger management problems, failures on release, a history of impulsivity, a history of drug and alcohol abuse and dependency, and a history of non-compliance.

Further substance abuse caused severe and recalcitrant difficulties in the appellant's life and was most likely a part of a larger pattern of self-defeating behavior. The appellant's primary problem was substance abuse which impaired her judgement and insight, causing her to be a greater risk of criminal activity.

The appellant had been drinking since she was 18 years old. At the time of the evaluation, she was 53. She had been using crack cocaine since she was 41 up to approximately two years ago. She completed only two rehabs and was discharged from two others.

Clearly, the court followed the mandates of *Derry*, supra. It considered all of the relevant factors and did not impose a sentence that was manifestly excessive or

5

unreasonable. The court imposed a sentence that was appropriate under all of the circumstances. The appellant's main problem was her substance abuse, which impaired her judgment and contributed to her criminal activities and misconducts. A condition of her probation was to not consume alcohol. The appellant was aware of this condition but continued to consume alcohol. Despite numerous attempts to assist the appellant with her drug and alcohol issues, the attempts to assist the appellant at the county level failed and she continued to commit crimes and misconducts. The court would rather provide treatment and help to a person whose main problem is substance abuse so that his or her criminal activities will voluntarily cease. When, however, the individual cannot or will not take advantage of the treatment options offered, the court is left with no choice but incarceration to protect both the public and the individual. In this case, the court found that the only way to protect the public, and to protect the appellant from her self-destructive behaviors, was to sentence her to a period of state incarceration.

DATE: 4-10-17

By The Court,

Marc F. Lovecchio, Judge

cc: District Attorney
Kirsten Gardner, Esquire (APD)
Adult Probation Office
Work file
Gary Weber, Esquire (Lycoming Reporter)
Superior Court (original & 1)

6