J-A22014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICHOLAS JAMES GARULLE | |
| Appellant | No. 99 MDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000779-2012

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 27, 2015**

Appellant, Nicholas James Garulle, appeals from the judgment of sentence entered after the trial court revoked his probation. Garulle contends that the trial court abused its discretion by imposing an excessive sentence. After careful review, we affirm.

On November 14, 2012, Garulle pled guilty to receiving stolen property. Pursuant to the negotiated plea agreement, the trial court sentence Garulle to 23 months of probation. Slightly over a year later, the Commonwealth moved to revoke Garulle's probation, alleging, among other things, that Garulle had removed his electronic monitor and had been found in possession of heroin.

---

[*] Former Justice specially assigned to the Superior Court.

After a hearing on the Commonwealth's motion, the trial court revoked Garulle's probation and entertained testimony on an appropriate sentence. At the conclusion of this testimony, the trial court sentenced Garulle to a term of imprisonment of 24 months to 60 months. This timely appeal followed.

On appeal, Garulle argues that the sentence imposed by the trial court was excessive. On appeal from a judgment of sentence following the revocation of probation

> [o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b).

**Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000). This scope of review encompasses a review of the discretionary aspects of the sentence imposed after revocation. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Commonwealth v. Ahmad**, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. **See Commonwealth v. Infante**, 888 A.2d 783, 791 (Pa. 2005). "A probation

violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id*., at 791. Technical violations are sufficient to trigger revocation. *See Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

As noted above, Garulle contends that the sentence imposed by the trial court is excessive. Garulle concedes that this claim raises a challenge to the discretionary aspects of the sentence imposed. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*.

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, Garulle's appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. Garulle argues in his Rule 2119(f) statement that the sentence imposed by the trial court "goes against the rehabilitative nature of the Sentencing Code[.]" Appellant's Brief at 6. Even assuming that this statement constitutes a substantial question, we conclude that Garulle is due no relief.

Garulle testified that before he was arrested for the probation violations, he was "trying to turn myself into a mental hospital because I have a problem." N.T., revocation hearing, 12/19/13, at 34. This problem caused him to cut off his electronic monitor in an attempt to commit suicide. *See id*., at 33. The trial court explained its decision to impose a state

sentence on Garulle as follows: "Right now there's only one feasible disposition for Mr. Garulle, and he's out of control; and the only way to impose that control is to get him into a facility where he can have the proper treatment." *Id*., at 52. Thus, the trial court indicated that a primary purpose of the sentence imposed was the rehabilitation of Garulle. Garulle's contention that the sentence disregarded his rehabilitative needs is therefore unsupported by the record. Garulle's sole issue on appeal merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015