J-S66022-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN D. ANTHONY | : | |
| | : | |
| Appellant | : | No. 156 WDA 2017 |

Appeal from the Judgment of Sentence November 22, 2016
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001250-2015

BEFORE:   BENDER, P.J.E., DUBOW, J., and PLATT*, J.

MEMORANDUM BY DUBOW, J.:                FILED DECEMBER 11, 2017

Appellant, Bryan D. Anthony, appeals from the Judgment of Sentence entered after the revocation of his probation.   He challenges the discretionary aspects of his sentence.   We affirm.

On May 6, 2015, Appellant pled guilty to Involuntary Manslaughter, 18 Pa.C.S. § 2504, Aggravated Assault by Vehicle, and related summary offenses, in connection with the death of Bryan Anselmino resulting from a multiple-vehicle traffic collision caused by Appellant on February 22, 2014.

On June 8, 2016, the court sentenced Appellant to concurrent terms of county Intermediate Punishment ("IP") for 23 months under the supervision of the Washington County Adult Probation Office, with the first 90 days of the sentence to be served on an electronic home monitor, in addition to fines on the summary offenses and restitution.

_____
*   Retired Senior Judge assigned to the Superior Court.

On August 16, 2016, the Washington County Adult Probation Office filed a Petition for Revocation of Probation or Parole, indicating that Appellant had committed two violations of his IP probation. The Probation Officer averred that Appellant had lied to officers and had left his home at least four times without authorization, including four visits to Meadows Racetrack and Casino during the month of July 2016.

On October 13, 2016, the court held a Gagnon II[1] revocation hearing at which Appellant and the Commonwealth stipulated that Appellant had committed a technical violation of his probation. Appellant also stipulated that he had visited Meadows Casino on four different days without authorization from the probation office and had failed to reveal that fact when questioned by a probation officer. The court revoked Appellant's IP sentence, and ordered a presentence investigation.

On November 22, 2016, the court held a resentencing hearing at which the Commonwealth presented the presentence investigation report and testimony from Appellant's probation officer. Appellant and his wife testified on Appellant's behalf. The court imposed a sentence of one to five years' incarceration on the Involuntary Manslaughter conviction, and a consecutive term of one to five years' incarceration for the Aggravated Assault by Vehicle conviction, after stating the following:

_____

[1] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

Mr. Anthony, the Court has reviewed the presentence investigation and the comprehensive information that has been provided both through the adult probation office, the Commonwealth, and your counsel in this matter.

There are factors within that investigation that bear in your favor, being no prior record, a minor driving record which resulted in a suspension some 14 years ago.

You have certain stability factors, which are also in your favor. The Court recognizes that you have certain treatment needs due to both your mental health conditions that have been diagnosed, your physical illnesses, and your physical injuries.

The Court also recognizes that you broke a promise to me in this courtroom. And you did that not by doing something for your wife, who works two jobs, or your kids. You engaged in impulsive behavior on four separate occasions within two months after telling me that you would follow the conditions of the Intermediate Punishment Program.

I don't view that as a mere lapse in judgment. And I am still concerned that I don't really see in you genuine empathy for the gravity of the offense and the harm that you caused to the Anselmino family.

The revocation of probation is controlled by statute. You have not been convicted of another offense. But I find that the conduct you've engaged in indicates that you're likely to commit another crime and that your rehabilitative needs are not served by a sentence less than total confinement.

That sentence of total confinement is also necessary to vindicate the authority of this Court because I take seriously the promise that defendants make to me that you will abide by your conditions of your probation.

In this case, an electronic monitor is a substitute for jail. If you walked off on a furlough or you walked off on work release, you would find another charge of escape that you would be facing.

Considering that and considering the need to protect the public, the gravity of the offenses you committed, the impact on the Anselmino family and the community that Bryan Anselmino

- 3 -

served, considering your rehabilitative needs, including your need for both mental health treatment, and also treatment for your physical illnesses and injuries, this Court sentences you as follows[.]

[Court then imposed sentences noted supra].

Both of these sentences are set forth in the sentencing guidelines, and I've given extensive consideration of those guidelines and what I feel is appropriate here.

\* \* \* \*

N.T. Resentencing, 11/22/16, at 11-13.

The court also ordered Appellant to pay restitution still owed and prohibited him from visiting any casino during the course of his sentence. Id. at 14-15.

Appellant filed a Post-Sentence Motion, which the trial court denied on December 12, 2016. Appellant soon thereafter filed a Motion for Leave to Appeal nunc pro tunc, which the trial court granted on January 19, 2017. Appellant timely filed his Notice of Appeal. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Discretionary Aspects of Sentencing: Defendant avers that the sentence was excessive, in light of all of the circumstances.

Appellant's Brief at 6.[2]

_____

[2] Appellant also included a challenge to the sufficiency and weight of the evidence in his Statement of Questions Involved, but he abandoned the claim by not addressing it in his Brief. See Commonwealth v. Bullock, 948 A.2d 818, 823 (Pa. Super. 2008) (finding claim abandoned when appellant did not develop claim in his brief). See also Pa.R.A.P. 2119(a).

Appellant avers that the "punishment exceeded the severity of the violations and the crimes." Appellant's Brief at 8. He argues that the court did not take into account the fact that he had pled guilty in exchange for no confinement when the charges were first brought, and he had shown "genuine empathy and appreciated the harm caused by his actions." Id. at 9.

Initially, we note that Appellant's claim implicates the discretionary aspects of sentencing. See Commonwealth v. Hornaman, 920 A.2d 1282, 1283-84 (Pa. Super. 2007) (concluding that a claim that trial court imposed an excessive and unreasonable sentence implicated a discretionary aspect of sentence).

Challenges to the discretionary aspects of sentence are not appealable as of right. Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test: "(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)." Id. (citation omitted).

Here, Appellant has not provided a Rule 2119(f) Statement per se. He instead provided a "Summary of Argument" as follows:

> There is a substantial question that the sentence imposed is not appropriate under title 42 Pa.C.S. § 9781. This was the first violation by Defendant and the punishment exceeded the severity of the violations and the crimes.

Appellant's Brief at 8.

Even if we were to consider Appellant's "Summary of Argument" to be an attempted Rule 2119(f) Statement, we would conclude it fails to provide an adequate basis on which to invoke this Court's jurisdiction. Our Supreme Court held in Commonwealth v. Mouzon, 812 A.2d 617, 627 (Pa. 2002) (plurality), that a claim that a sentence, which is within the statutory limits, is excessive can raise a substantial question. However, the Court cautioned:

> This does not mean, however, that the Superior Court must accept bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. See Koehler, 737 A.2d [225,] 244 [(Pa. 1999)] (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code); Saranchak, 675 A.2d [268,] 277 n. 18 [(Pa. 1996)] ("Appellant must, at a minimum, explain specifically why he thinks his sentences were improper"); Goggins, 748 A.2d [721,] 7 [(Pa. Super. 2000)] (appellant need only make a plausible argument that a sentence is contrary to the Sentencing Code or the fundamental norms underlying the sentencing process).

Id. at 627-28.

We cannot conclude that Appellant's "Summary of Argument" can stand in as the required Rule 2119(f) Statement: it fails to provide the necessary information to invoke this Court's jurisdiction. The Summary provides conclusory statements, but does not articulate why the sentence raises doubts that it was proper under the Sentencing Code, and does not "at a minimum, explain specifically why he thinks his sentences were improper." Id. In fact, Appellant's two-sentence "Summary of Argument" presents no plausible argument that the sentence is contrary to the Sentencing Code or improper under the fundamental norms of the sentencing process.

Accordingly, we conclude that Appellant has failed to provide a Rule 2119(f) Statement and, thus, has failed to invoke our jurisdiction so as to allow us to review the discretionary aspect of his sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2017