J-S69011-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| CHAD MARCUS SCHWARTZ | |
| Appellant | No. 30 WDA 2017 |

Appeal from the Judgment of Sentence November 14, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0000124-2016
CP-02-CR-0000125-2016
CP-02-CR-0014918-2015
CP-02-CR-0015981-2015

BEFORE:  BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    FILED JANUARY 16, 2018

Chad Marcus Schwartz appeals from his November 14, 2016 judgment of sentence of forty to eighty months imprisonment followed by five years probation, which was imposed after he pled guilty in four cases to burglary, receiving stolen property, possession of a controlled substance (second offense), disorderly conduct, and two counts of possession of drug paraphernalia.  He challenges discretionary aspects of his sentence.   We affirm.

We   glean   the   facts   underlying   the   convictions   from   the Commonwealth's summary of the evidence at the guilty plea hearing.  On or

---

*  Former Justice specially assigned to the Superior Court.

about September 30, 2015, Baldwin Borough police responded to a call at the CVS Pharmacy regarding a shoplifter. Witnesses told police that Appellant took a package of peanuts and started to consume them as he walked through the store. As he proceeded, he also knocked cosmetics off the shelves and onto the floor. Police officers took him into custody. A search incident to arrest yielded two capped needles and a prescription bottle containing white pills that Appellant identified as Xanax. Although Appellant claimed to have a prescription for the medication, that claim was refuted following further investigation. Appellant was charged with possession of a controlled substance, possession of drug paraphernalia, and disorderly conduct at CC 201514918.[1]

Regarding the case filed at CC 201515981, the Commonwealth made the following proffer. On December 10, 2015, Pittsburgh Police were dispatched to a burglary in progress. The intruder was described as a white male wearing a camouflage hat and baggy jeans. When the officers located the intruder, he fled, but was apprehended and identified as Appellant. A search of his person revealed a loaded needle containing a clear liquid substance commonly used for the injection of heroin. He was charged with possession of drug paraphernalia, possession of a controlled substance,

_____

[1] The charges of possession of drug paraphernalia and disorderly conduct were withdrawn at sentencing.

escape, and flight to avoid prosecution. The latter three charges were subsequently withdrawn.

The Commonwealth represented that it would offer the following evidence with regard to the burglary case filed at CC 201600124. On or about November 20, 2015, upon returning home, Serena Williams noticed that her kitchen window was open and that an arm was extended within trying to gain entry. She screamed and the perpetrator fled. Pittsburgh Police officers obtained Appellant's latent print from the exterior window. Appellant was arrested and charged with burglary of a structure suitable for overnight accommodation with a person present, a first-degree felony.

On October 13, 2015, Stephanie Vendemia reported to Pittsburgh Police that she had been burglarized. A day later, one of the items stolen, a laptop, was traced to a phone store. The owner of the store told police that he had purchased the laptop from Appellant, and later identified Appellant from a photographic array. The victim later identified the laptop as belonging to her and confirmed that Appellant did not have permission to take or sell it. He was charged with receiving stolen property, a misdemeanor of the first degree, at CC 201600125.

On August 15, 2016, after a thorough oral colloquy during which the court advised Appellant that he was subject to an additional sentence since he was on probation when he committed three of the four offenses, Appellant pled guilty to the aforementioned crimes and the court accepted

the plea. The court ordered a presentence investigation and scheduled the sentencing for November 14, 2016. On that date, the court sentenced Appellant to time served on the probation violations, and forty to eighty months imprisonment followed by five years of probation on the four cases.

Appellant filed a timely post-sentence motion, which was denied. On appeal, he presents one issue for our review:

I.   Did the trial court err in imposing a sentence that was manifestly excessive, unreasonable, and an abuse of discretion when the trial court overlooked and/or failed to carefully consider relevant factors when sentencing [Appellant], including the unique facts and circumstances of the crimes, and his background and rehabilitative needs; and the court relied on an impermissible duplicative factor; and failed to impose an individualized sentence?

Appellant's brief at 8 (unnecessary capitalization omitted).

Appellant claims that his sentence was manifestly excessive and unreasonable. Such a claim implicates the discretionary aspect of a sentence. See Commonwealth v. Hornaman, 920 A.2d 1282, 1283-84 (Pa.Super. 2007). As Appellant correctly notes, "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa.Super. 2013) (en banc). To adequately preserve a discretionary sentencing claim, a defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. Id. Further, he must file a timely appeal and "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise

statement and a Pa.R.A.P. 2119(f) statement" in his appellate brief. Id. Finally, we will permit such an appeal only if the appellant presents a substantial question, i.e., a colorable claim that his sentence, while within the guideline range, was unreasonable and inappropriate under the sentencing code. Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa.Super. 2013).

Appellant filed a timely appeal and preserved his claim that his sentence was excessive in his post-sentence motion and Rule 1925(b) statement. In addition, Appellant includes a Rule 2119(f) statement in his appellate brief in which he alleges that his sentence was manifestly excessive as it was not individualized and tailored to him. Furthermore, he contends the sentencing court overlooked or failed to carefully consider all of the relevant sentencing factors as required in Section 9721(b). In particular, he maintains that the court did not consider the non-violent nature of the crimes, Appellant's rehabilitative needs due to his polysubstance abuse, and the fact that his crimes were motivated by his need to support his addiction. Rather, he alleges that the court focused on his prior record, which was already factored into the applicable sentencing guidelines.

We held in Commonwealth v. Simmons, 56 A.3d 1280, 1286 (Pa.Super. 2012), that a claim that a sentence was manifestly excessive because the trial court failed to issue an individualized sentence presented a

substantial question. Moreover, plausible claims that the sentence violates fundamental norms of the sentencing process present a substantial question. Commonwealth v. Parlante, 823 A.2d 927 (Pa.Super. 2003). Thus, we will review the merits of Appellant's sentencing claim.

The following principles inform our review. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa.Super. 2006). An abuse of discretion in this context is more than an error in judgment. Id. The appellant must demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." Id. The sentencing judge has broad discretion in determining the proper sentence and we accord that decision great deference, recognizing that the sentencing court is in the best position to view the defendant's character and show of remorse. See Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007). Our review of a guideline sentence focuses on whether the sentence is "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

In imposing sentence, the trial court is obliged to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In considering the circumstances of

the offense and the character of the defendant, the court should refer to the defendant's prior criminal record, his personal characteristics, and his potential for rehabilitation.

Appellant contends that the trial court abused its discretion by failing to consider Appellant's background, rehabilitative needs, and the non-violent nature of his offenses, when it sentenced him to a lengthy period of incarceration. He maintains that the court ignored the testimony of a representative of the Allegheny County Bureau of Drug and Alcohol regarding an outpatient treatment program. According to Appellant, a sentence of probation with conditions or a state intermediate punishment program would have better addressed both his rehabilitative needs and the community's safety. In short, although the court sentenced him within the guidelines, Appellant contends this is a case where application of the guidelines was unreasonable and the court failed to consider factors individual to him and better sentencing alternatives.

The record reveals the following. At sentencing, defense counsel acknowledged that Appellant had committed crimes involving theft of property as a result of his addiction, but pointed out that he had not physically hurt anyone. Counsel maintained that Appellant changed significantly while he was in prison, which he attributed to his realization that addiction was a dead-end road and his embrace of the Catholic faith. Counsel advised the court that while Appellant was in prison, he worked with

the Hope pre-release program, completed the twelve step fellowship program, and took a parenting course at Chatham University.

Appellant offered a representative of the Allegheny County Bureau of Drug and Alcohol, who testified regarding a new outpatient treatment available to inmates addicted to drugs upon release from jail. The witness explained that they meet with inmates, perform an assessment, and link them with the providers of Methadone and Suboxone so that when they leave jail, there is no waiting period to get into outpatient treatment. She stated that the vivitrol maintenance program, together with drug and alcohol counseling, would be a good fit for Appellant upon his release. The defense submitted letters from Appellant's boss to the effect that he was an excellent worker. Appellant's fiancée testified regarding his prior attempts at rehabilitation, and spoke hopefully of the new program recommended by Drug and Alcohol. She described changes in Appellant's attitude and outlook since he had been in prison and explained why she was standing by him. Finally, Appellant acknowledged his long record and asked for the court's mercy and forgiveness.

After receiving the aforementioned information, the court first addressed Appellant's violation of his two-year probation at No. 201412527, which was imposed for convictions of first-degree misdemeanor theft and possession of an instrument of crime. On the probation violation, the court

sentenced Appellant to time served, which was eleven months, and closed interest on that case.

For the first-degree felony burglary conviction at CC 201600124, the court imposed a sentence of forty to eighty months imprisonment followed by five years of probation, a sentence which fell in the mitigated range. At CC 20150014918, the court sentenced Appellant to six to twelve months imprisonment for possession of a controlled substance, with the sentence to run concurrently. Appellant received a sentence of three to six months imprisonment for the possession of drug paraphernalia at CC 20150015981, and a sentence of six to twelve months imprisonment on the theft charge at CC 201600125, with both sentences to run concurrent to the sentences imposed at the prior two cases. The court also determined that Appellant was RRRI eligible.

Appellant argues that his sentence was excessive for two reasons. He alleges first that the sentencing court failed to consider his rehabilitative needs, and secondly, that it placed undue weight on his prior criminal record. We find no merit in either contention.

Preliminarily, we observe the following. Appellant had a prior record score of five. The sentence imposed on the burglary charge, which carried an offense gravity score of nine, fell within the mitigated range of the sentencing guidelines. The remaining sentences fell within the standard range and were run concurrent to the sentence on the burglary. Appellant's

aggregate sentence appears to be quite lenient given the length of incarceration he could have received and the fact that he was on probation when he committed several of the offenses.

Furthermore, the record establishes that the court read and relied upon the presentence report. Thus, it is presumed that it considered Appellant's individual circumstances including any mitigating factors. Commonwealth v. Griffin, 65 A.3d 932, 937 (Pa.Super. 2013). In addition, the sentencing proceeding focused on Appellant's rehabilitative needs. Counsel characterized Appellant's extensive criminal history as "addiction driven behavior." N.T. Sentencing, 11/14/16, at 13. He asked the court to forego imprisonment in favor of the outpatient vivitrol treatment program. Defense counsel described Appellant's efforts at rehabilitation while he was incarcerated. Appellant acknowledged his extensive criminal record but apprised the court that he had changed and that he wished to address his addiction. Appellant's fiancée concurred that Appellant had changed and expressed her belief that Appellant could now successfully treat his addiction.

In addition to the foregoing testimony, the trial court noted that Appellant's criminal history dated back to 1991, that he was on probation when he was arrested for the offenses herein, and that he had been previously either been offered treatment or received treatment in four programs. Thus, the record clearly indicates that the court was fully aware

- 10 -

of Appellant's current rehabilitative needs, as well as his prior opportunities for rehabilitation, when it imposed a sentence of imprisonment. We find no abuse of discretion on the record before us.

Appellant's claim that his sentence was too harsh and excessive because the court placed undue and duplicative weight on his prior record fares no better. In support of his contention, Appellant points to the court's comment at sentencing that Appellant's criminal behavior commenced in 1991. Appellant contends that his prior criminal record was already considered in determining the applicable sentencing guidelines, and that in considering it again, the court impermissibly weighed this factor twice.

The trial court explained that it referenced Appellant's twenty-five-year history of similar offenses in connection with its assessment of Appellant's amenability to rehabilitation, a separate sentencing factor under 42 Pa.C.S. § 9721(b). We find the court's consideration of the duration and pattern of Appellant's criminal activity to be both proper and probative for the cited purpose. The court concluded that Appellant's "pattern of criminal activity clearly demonstrates a lack of ability to address anti-social behavior." Trial Court Opinion, 6/27/17, at 7. We find no abuse of discretion.

In sum, we find nothing "clearly unreasonable" about the sentences imposed that warrants relief. It is quite apparent from the record that the sentencing court was apprised of all relevant sentencing factors, including mitigating circumstances, and that it exercised reasoned judgment in

fashioning an individualized sentence for Appellant. It is not the role of this Court to reweigh the sentencing factors and substitute our judgment for that of the sentencing court. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2018