J-S04018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRANCE KEITH MILLER, JR., | : | |
| | : | |
| Appellant | : | No. 1183 MDA 2017 |

Appeal from the Judgment of Sentence June 28, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003505-2012

BEFORE: SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 15, 2018**

Appellant, Terrance Keith Miller, Jr., appeals from the Judgment of Sentence entered following the revocation of his probation. Appellant challenges the discretionary aspects of his sentence, arguing that, in imposing a term of three to six years' imprisonment, the violation of probation ("VOP") court imposed an excessive and unreasonable sentence. After careful review, we affirm.

The facts, as gleaned from the VOP court's Pa.R.A.P. 1925(a) Opinion and the certified record, are as follows. On August 29, 2013, Appellant entered a guilty plea at docket No. CP-22-CR-0003505-2012 to one count each of Persons Not to Possess Firearms, Receiving Stolen Property, Carrying a Firearm Without a License, Possession of a Controlled Substance with Intent to Deliver ("PWID"), Possession of Drug Paraphernalia,

Possession of a Small Amount of Marijuana, and Unlawful Activities.[1]  The

trial court imposed an aggregate sentence of 5 years' probation.[2]

While serving his probationary sentence, police arrested Appellant

three times in three months, including a December 2016 arrest for

"possessing three pounds of marijuana in his car while driving under

suspension."  VOP Court Opinion, filed 10/18/17, at 1.

On June 28, 2017, the trial court, sitting as the VOP court, conducted

a VOP hearing.  Probation Officer Naomi Morrow testified that Appellant had

been arrested three times in three months, and that he had been convicted

of PWID five times since 2007, with three of those convictions in the last five

years.  N.T. VOP, 6/28/17, at 2.  Appellant did not contest the violations and

instead requested that the VOP court impose probation again.  *Id.* at 4-6.

After consideration of the foregoing, the VOP court found that

Appellant had violated his probation.  On June 28, 2017, the VOP court

---

[1] 18 Pa.C.S. § 6105; 18 Pa.C.S. § 3925; 18 Pa.C.S. § 6106; 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32); 35 P.S. § 780-113(a)(31), and 75 Pa.C.S. § 4107, respectively.

[2] The trial court imposed the probationary sentence for the Persons Not to Possess Firearms conviction, and no further penalty for the remaining convictions.  The trial court also ordered that Appellant serve his probationary sentence consecutive to a term of 10½ to 21 months' incarceration at docket No. CP-22-CR-0000388-2013, which had been consolidated for that same day.

resentenced Appellant to an aggregate term of three to six years' incarceration.[3]

On July 17, 2017, Appellant filed a Motion to Reconsider his VOP sentence *nunc pro tunc*, citing a breakdown in representation for the untimeliness and asserting that his VOP sentence was excessive and unreasonable. On July 18, 2017, the VOP court granted Appellant's *nunc pro tunc* request and denied his Motion to Reconsider.

Appellant filed a timely Notice of Appeal. Both Appellant and the VOP court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

I. Whether the [VOP] court erred when it denied Appellant's Motion to modify the sentence where the sentence was excessive and unreasonable?

Appellant's Brief at 5.

Appellant avers that the VOP court's sentence was excessive and unreasonable. Appellant's Brief at 12-14. Initially, we note that Appellant's claim implicates the discretionary aspects of sentencing. ***See Commonwealth v. Hornaman***, 920 A.2d 1282, 1283-84 (Pa. Super. 2007)

_____

[3] The VOP court ordered time credit for two months and twenty-seven days, and time-served for a consolidated case at docket No. CP-22-CR-0002949-2012. Accordingly, that docket closed and is not part of the instant appeal.

On July 10, 2017, the VOP court entered an Order directing Appellant's June 28, 2017 sentence to run consecutively to other sentences at docket Nos. CP-22-CR-0000514-2017 and CP-22-CR-0000233-2017.

(concluding that a claim that trial court imposed an excessive and unreasonable sentence implicated a discretionary aspect of sentence).

Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's exercise of its discretion must invoke this Court's jurisdiction by satisfying a four-part test: "(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b)." *Id.* (citation omitted).

Appellant met the first three requirements of the above test. We thus consider whether Appellant has presented a substantial question in his Pa.R.A.P. 2119(f) Statement. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

In his Pa.R.A.P. 2119(f) Statement, Appellant summarily claims that the VOP court imposed a manifestly excessive VOP sentence of three to six

years' incarceration. Appellant's Brief at 10-11. Appellant argues that the VOP court's sentence "constitutes too severe a punishment in light of the rehabilitative needs of the Appellant and what is necessary for the protection of the public." *Id.* "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011). *See also Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (concluding that a claim that a sentence is manifestly excessive presents a "substantial question" for review). Thus, we will review the merits of Appellant's claim.[4]

In an appeal from a probation revocation order, "[o]ur standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Hoover*, 909 A.2d 321, 322-23 (Pa. Super. 2006) (citing 42 Pa.C.S. § 9771(b)). "Revocation of a probation sentence is a

---

[4] Appellant's subsequent argument that the VOP court failed to consider various mitigating factors does not present a substantial question appropriate for our review. *See Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004); *Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002) (citing *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (concluding that an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

matter committed to the sound discretion of the [VOP] court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014) (citation and quotation omitted).

"A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.* (citation and quotation omitted). When imposing a sentence of incarceration after revocation of probation, the sentencing court "is limited only by the maximum sentence that it could have imposed originally at the time [it imposed] the probationary sentence." *Id.* at 1044 (citation omitted).

Although 42 Pa.C.S. § 9721(b) requires the court to make a statement of the reasons for the sentence imposed following revocation, the reasons "need not be as elaborate as that which is required at the initial sentencing." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. Super. 2014).

Our review of the VOP sentencing transcript and the VOP court's Pa.R.A.P. 1925(a) Opinion indicates that, contrary to Appellant's averment, the VOP court highlighted the following factors when fashioning Appellant's revocation sentence: (1) the revocation sentence of three to six years' incarceration fell within the statutory limits; (2) Appellant's probation officer recommended state incarceration; (3) Appellant had repeated convictions

- 6 -

and recent arrests, including his possession of three pounds of marijuana in his car in December 2016; (4) Appellant failed to take advantage of the opportunity the court had granted him to prove himself in 2013; and (5) Appellant acknowledged that he made "mistakes."  N.T. VOP, 6/28/17, at 2-6; VOP Court Opinion at 1, 3.

The record is devoid of any indication that the VOP court exercised judgment that was "manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will."  **Colon**, **supra** at 1043.  We, thus, conclude that the VOP court did not abuse its discretion in imposing Appellant's sentence of confinement for violating the conditions of his probation.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/15/2018</u>