J-S47002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE A. RAYMOND, JR. | |
| Appellant | No. 148 MDA 2020 |

Appeal from the Judgment of Sentence imposed December 19, 2019
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000514-2019

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 09, 2021**

Appellant, George A. Raymond, Jr., appeals from the judgment of sentence the Court of Common Pleas of Bradford County imposed on December 19, 2019.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The factual and procedural background is not at issue.  Briefly, on October 18, 2019, Appellant entered a guilty plea to the offenses of escape, 18 Pa.C.S.A. § 5121(a), graded as a misdemeanor of the second degree, and simple assault, 18 Pa.C.S.A. §2701(a)(1), graded as a misdemeanor of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

second degree. On December 19, 2019, the trial court sentenced Appellant to an aggregate sentence of imprisonment of 24 to 48 months.

On December 24, 2019, Appellant filed a post-sentence motion seeking to withdraw his plea because "there is not enough evidence to convict him at trial," and challenging the sentence imposed as "too harsh." Post-Sentence Motion to Withdraw Guilty Plea and/or Reduce Sentence, 12/24/19, at 1. The trial court denied the motion on January 10, 2020, and this appeal followed.

The **Anders** brief renews the challenges brought below, namely the denial of Appellant's post-sentence motion to withdraw his guilty plea and the discretionary aspects of his sentence. Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. All of **Anders'** requirements are satisfied.

Appellant first argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. We disagree.

In **Commonwealth v. Broaden**, 980 A.3d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw guilty pleas as follows: "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." **Id.** at 129 (citations omitted). "To demonstrate a manifest injustice a criminal must show that his plea was involuntary or was entered without the knowledge of the charge." **Commonwealth v. Lewis**, 708 A.2d 497 (Pa. Super. 1998) (internal quotation marks and citation omitted).

- 3 -

"It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion standard in post-sentencing context). The term discretion

> imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Shaffer***, 712 A.2d 749, 751 (Pa. 1998) (citation omitted).

> It also is important to recognize the "longstanding rule" that
>
> a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003).

We begin by examining the trial court's rationale for denying Appellant's motion to withdraw his guilty plea.

> Here, Appellant only alleged that he wished to withdraw [his] guilty plea because "there is not enough evidence to convict him at trial." Such a claim does not rise to manifest injustice. Appellant has not alleged that he is innocent, or that his plea[] was not tendered knowingly, intelligently and voluntarily. This is most likely due to the fact that Appellant did know and understand

- 4 -

what he was pleading to and did so voluntarily. The record reveals that Appellant completed a thorough written plea colloquy with his attorney. Further[, the trial court] conducted an extensive oral colloquy at the time of Appellant's plea. Appellant[] provided facts to support the plea. Appellant further agreed that he committed the crimes to which he was pleading guilty . . . and that he was entering his plea knowingly, voluntarily and of his own free will.

Trial Court Opinion, 5/7/20, at 3 (unnumbered) (citations to the record omitted).

The guilty plea hearing transcript confirms the trial court's analysis. The transcript clearly shows that Appellant was aware of the charges, the elements of the charges, and the maximum penalties associated with the charges. The presiding judge asked Appellant to tell the court "what it was that occurred on or about June 15, 2019, that brings you here today to plead guilty to these offenses." N.T. Guilty Plea Hearing, 10/18/19, at 4. Appellant, in his own words, admitted that, on June 15, 2019, he was being transported from Iowa to Bradford County by a bail bondsman when he jumped out of the vehicle and escaped from custody. The bondsman chased Appellant up a nearby hill and eventually caught up with him. A struggle ensued during which the bondsman suffered hand and chest injuries.

The trial court concluded, and we agree, that the facts related by Appellant at the guilty plea hearing were sufficient to sustain his convictions of escape and simple assault. Thus, Appellant fails to demonstrate that the denial of his motion to withdraw his guilty plea constitutes manifest injustice.

Next, Appellant argues that the trial court abused its discretion by imposing an excessive sentence, a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1283–84 (Pa. Super. 2007) (claim of excessive and unreasonable sentence implicates discretionary aspect of sentence).

Because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence," *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: (1) whether the appellant has filed a timely notice of appeal; (2) whether he properly preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether his brief has a fatal defect; and (4) whether there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we assume that Appellant has met the requirements of the above test. Accordingly, we proceed to addressing the merits of Appellant's claims.

The trial court reasoned:

> At the time of sentencing, this Court reviewed a Presentence Investigation and sentencing guideline form[,] which reflected an offensive gravity score for both offenses of 3 and Appellant's prior record score of 4 yielding a mitigated range of [restorative sanctions] and a standard range of 3 months to 12 months. The sentence falls within the standard range of the sentencing

guidelines. Therefore, no substantial question exists. Further, this court considered all appropriate sentencing factors and considerations when it incorporated the presentence investigation into its reasons for sentencing.

Trial Court Opinion, 5/7/20, at 3 (unnumbered) (citations to the record omitted).

Furthermore, at sentencing, the trial court observed:

The [court] has considered all the factors. Such a sentence at the high end of the standard range is appropriate because [Appellant] has a prior [e]scape [c]onviction and the [a]ssault occurred while he was facilitating the escape or during his . . . capture. [Appellant] has been supervised by the Bradford County Probation Department as a juvenile and an adult. His probation back in 2003 was revoked on new criminal charges and then his first [e]scape occurred when he was using privileges as a jail trustee and he escaped from the Bradford County Correctional Facility.

Considering all the factors and facts and circumstances of [Appellant] and the facts and circumstances underlying the crime, a sentence of total confinement is appropriate in this case.

N.T. Sentencing, 12/19/19, at 4-5.

We find the trial court's analysis at sentencing and in its opinion entirely proper.

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issues Appellant seeks to litigate in this appeal are without merit. Our independent review of the record has not revealed any meritorious issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021