J-S08011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT J. CROCKENBERG | |
| Appellant | No. 1228 MDA 2020 |

Appeal from the Judgment of Sentence entered November 15, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001842-2018

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:               **FILED MAY 12, 2021**

Appellant, Vincent J. Crockenberg, appeals from the judgment of sentence imposed in the Court of Common Pleas of Dauphin County on November 15, 2019.  Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), challenging the discretionary aspects of Appellant's sentence.  We grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The factual and procedural background are not at issue.  Briefly, Appellant entered a guilty plea on July 31, 2019 to robbery, burglary, and theft by unlawful taking stemming from his involvement in a home invasion

_____

[*] Former Justice specially assigned to the Superior Court.

during which he pointed a gun at the victim's head. The trial court sentenced him to 10 to 20 years of imprisonment for the robbery conviction, and 10 to 20 years' imprisonment for the burglary conviction, to be served consecutively to the robbery conviction, and consecutive to any and all outstanding matters. No further sentence was imposed on the theft conviction. No direct appeal was filed.

On July 2, 2020, after his rights to appeal had been restored,[1] Appellant filed a post-sentence motion seeking withdrawal of his guilty plea and/or a modification of sentence. On August 24, 2020, after holding a hearing on the Appellant's post-sentence motion, the trial court denied relief. On September 22, 2020, Appellant filed a notice of appeal from the denial of the post-sentence motion.[2]

_____

[1] On February 3, 2020, Appellant filed a PCRA petition seeking reinstatement of his post-sentence motion and direct appeal rights. The lower court granted said petition on February 6, 2020, allowing Appellant 30 days to file a post-sentence motion. However, no post-sentence motion or direct appeal was filed. On April 16, 2020, Appellant filed a second PCRA petition. Counsel for Appellant was appointed on May 1, 2020. On June 18, 2020, counsel for Appellant filed an unopposed motion to reinstate Appellant's post-sentence motion rights and direct appeal rights, which the lower court granted on June 25, 2020. As noted *infra*, Appellant filed a timely post-sentence motion on July 2, 2020.

[2] It is well-established that in "a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001).

*(Footnote Continued Next Page)*

The ***Anders*** brief challenges the discretionary aspects of Appellant's sentence.[3]  Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with ***Anders*** and ***Santiago***.  Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***.  The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> > (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the ***Anders*** brief to his client.  Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).

*(Footnote Continued)* ————————————

Additionally, Appellant's notice of appeal and appellate brief include a challenge to the "dismissal" of Appellant's June 18, 2020 PCRA petition.  As noted above, the June 18, 2020 PCRA petition was granted on June 25, 2020.  Accordingly, the inclusion of language challenging the dismissal of the June 18, 2020 petition appears to be in error.

[3] Specifically, Appellant argues that the aggregate sentence was excessive in light of Appellant's age and mental issues, and the sentencing court's emphasis on the crimes committed, as opposed to the Appellant's rehabilitative needs.

Counsel's brief substantially complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. Accordingly, all of **Anders'** requirements are satisfied.

As noted, Appellant argues that the trial court abused its discretion by imposing an excessive sentence, which implicates a challenge to the discretionary aspects of his sentence. *See*, *e.g.*, *Commonwealth v. Hornaman*, 920 A.2d 1282, 1283–84 (Pa. Super. 2007) (concluding that a claim that trial court imposed an excessive and unreasonable sentence implicated a discretionary aspect of sentence).

Because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence," *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the

Sentencing Code. ***Commonwealth v. Moury***, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we accept that Appellant has met all the requirements for reviewing the merits of the contention and conclude that Appellant has presented a substantial question for our review.

When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa. Super. 2002)).

The trial court, in addressing Appellant's claim, noted the following:

> A review of the sentencing hearing held on November 15, 2019 reveals that [the trial court] had the benefit of a pre-sentence report and heard extensive testimony from [B.E., one of the victims] along with testimony from [Appellant]. The victim impact statement of [B.E.] revealed that he had taken [Appellant] under his wing, provided him with a job, food, transportation, and friendship, only to have [Appellant] break into his home and assault his girlfriend by lying in wait with a mask and holding her at gunpoint. [Appellant]'s statement at the sentencing hearing highlighted his mental issues and remorse.

[The trial court] articulated the following before imposing sentence:

> I have a young man before me that in all the years I'm here, I hate throwing away time and watching lives go wasted. I've read the presentence and I see and appreciated and am thankful that I didn't have the upbringing that he had, which makes me even more thankful for what I have.
>
> And I appreciate, Ms. Haynes,[4] your position and your insights into glimmers of hope, but I've [got] a different role here. I agree with you, he's not a mastermind. Well, that's for certain. However, his actions were calculated. His actions in a sense were premeditated. His actions brought on an extremely dangerous situation. And although his past speaks of an egregious past, it doesn't justify his actions taken and the journeys and decisions he's made which were negative directions that could have been seized by the victim to even possibly retaliate. So I'm looking at folks making decisions. Those, someone would say, by the grace of God were options not taken but options taken.
>
> I've been on the bench a long time. I've been involved in criminal court a long time. I've probably seen – you know what, I've never thought of it until right now, I've [had] probably more criminal cases than any person in the history of Dauphin County. Yeah. I think that's quite accurate . . . And I've seen some egregious things. And my platform has always been to try to find a way to rehabilitate, a way to hope for a changing of direction.
>
> What I'm seeing here may not be perceived by [Appellant] as such, but a reference of not only biting the hand that feeds you, but something worse. And looking at and reviewing the prior record and the presentence, quite frankly, this is one of the

---

[4] Andrea L. Haynes, Esq., counsel for Appellant before the sentencing court.

most egregious. Because for the first time, I'm going to use a phrase called menace to society. And it actually bothers me to say it because it's not what I want to see said, but that's my assessment. And I fought with myself on it, but I keep coming to that conclusion by all the bad decisions that have been made continuously with [Appellant], and I have an obligation that leads me when I made the assessment of [Appellant] that I've made that leads me to then come to that conclusion.

[N.T. Sentencing, 11/15/19, at 33-34].

Trial Court Opinion, 12/23/20, at 3-4 (some internal citations to the record omitted).

The explanation provided by the trial court for the sentence imposed clearly shows that the sentencing court considered the general standards for sentencing. *See* 42 Pa.C.S.A. § 9721(b). Indeed, the record shows that the trial court was fully aware of all relevant information regarding the crimes committed and Appellant's background, and weighed those considerations along with mitigating factors, including Appellant's rehabilitative needs and prospects for rehabilitation.[5] Therefore, the sentencing court properly considered the requirements of Section 9721(b). The sentencing court chose not to give the mitigating factors as much

_____

[5] We also note that, where, as in the instant matter, the sentencing court has the benefit of a pre-sentence investigation report, we presume that it is "aware of all appropriate sentencing factors and considerations," and we will not disturb the sentencing court's discretion. **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (discussing **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988)).

weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the one imposed. We cannot reweigh the sentencing factors and substitute our own judgment of a proper sentence. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

In light of the foregoing, Appellant's claim that the sentencing court abused its discretion in fashioning his sentence is without merit.

We have conducted an independent review of the record and have addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issue Appellant seeks to litigate in this appeal is without merit, and our independent review of the record has not revealed any other meritorious issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2021

- 8 -