J-S01035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIEF CLAY | : | |
| | : | |
| Appellant | : | No. 1583 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000477-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIEF CLAY | : | |
| | : | |
| Appellant | : | No. 1584 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000660-2018

BEFORE:  PANELLA,P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 05, 2019**

Sharief Clay (Clay) appeals from the judgment of sentence entered after his negotiated plea.  Also before us is counsel's petition to withdraw.  We grant counsel's petition to withdraw and affirm Clay's judgment of sentence.

---

[*]   Retired Senior Judge assigned to the Superior Court.

Clay pled guilty to two counts of delivering less than one gram of heroin, one count of possession with intent to sell a controlled substance (heroin), and possession of a firearm by a minor. In accordance with the plea agreement, the trial court imposed an aggregate sentence of between three-and-one-half years to seven years. Clay then filed a post-sentence motion in which he sought modification of his sentence and argued in the alternative that his plea was not knowing, intelligent or voluntary. Clay timely appealed the denial of the motion.

His appellate counsel, William J. Miele, Esq., has petitioned to withdraw from representation in this consolidated appeal and has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Before we address the merits, we must first rule on counsel's petition to withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

## I.

*Anders* requires court-appointed appellate counsel to "petition the court for leave to withdraw and state that after making a conscientious examination of the record, [s]he has determined that the appeal is frivolous." *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012) (quoting *Santiago*, 978 A.2d at 361). Counsel must then file an *Anders* brief which includes the following contents:

- 2 -

> (1) a summary of the procedural history and facts, with citations to the record;
> (2) reference to anything in the record that counsel believes arguably supports the appeal;
> (3) counsel's conclusion that the appeal is frivolous; and
> (4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

When an ***Anders*** brief is filed, counsel must furnish a copy to the client. ***Commonwealth v. Orellana***, 86 A.3d 877, 879–80 (Pa. Super. 2014). Counsel must also attach a letter to the brief advising of the right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise additional meritorious issues that the appellant deems worthy of the court's attention but which were not included in the ***Anders*** brief. ***Id.***

In this case, counsel stated in the petition to withdraw that he reviewed the file and the record, consulted with trial counsel, advised Clay of his appellate rights, and notified Clay of the petition's filing. As to the other requirements for the ***Anders*** brief which have been enumerated above, we find that counsel has substantially complied. Counsel summarized the pertinent case facts and procedural history. Clay was furnished a copy of the brief which outlines parts of the record which might arguably support the appeal. Counsel explained in the brief why those grounds are wholly frivolous, warranting counsel's withdrawal.

Once the reviewing court concludes that counsel has met the technical obligations to withdraw, the court must "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. The issues raised in the present *Anders* brief are rephrased as follows:

> A. Whether the trial court ignored statutorily required sentencing factors when imposing an aggregate term of between three and one half years to seven years;
> B. Whether the sentence was excessively harsh; and
> C. Whether Clay knowingly, intelligently, and voluntarily entered his negotiated plea in light of his age, mental health, and inability to consult his family.

## II.

The first two issues raised above go to whether the trial court's sentence was appropriate so they will be considered together.

Generally, a trial court has discretion in sentencing matters, and only a manifest abuse of that discretion may warrant appellate relief. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). An abuse of discretion is not shown by an error in judgment. *Id*. To make out an abuse of discretion, an appellant must identify record evidence showing that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id*.

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*,

167 A.3d 793, 815 (Pa. Super. 2017). To assess whether this Court has jurisdiction to reach the merits of a discretionary sentencing claim,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

In this case, because Clay timely filed a notice of appeal and arguably preserved his present claims in a post-sentence motion, and Counsel's *Anders* brief comports with all procedural requirements, the only issue is whether Clay has presented a substantial question of whether his sentence was appropriate under the Sentencing Code.

Courts evaluate the existence of a substantial question on a case-by-case basis. *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted). Merely claiming that a sentence is excessive or unreasonable does not raise a substantial question. *Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

Moreover, "where the guilty plea agreement between the Commonwealth and a defendant contains a negotiated sentence . . . and where that negotiated sentence is accepted and imposed by the court, a defendant is not allowed to challenge the discretionary aspects of the sentence." *Commonwealth v. Byrne*, 833 A.2d 729, 735 (Pa. Super 2003) (citing *Commonwealth v. Reichle*, 589 A.2d 1140 (Pa. Super. 1991)).

Clay does not identify how his sentence runs afoul of the Sentencing Code. He does not explain how the trial court's acceptance of the negotiated plea was contrary to the norms which underlie the sentencing process. Clay negotiated a specific sentencing range with the Commonwealth and the trial court sentenced him in line with that agreement. On these facts, there is no substantial question as to whether the trial court acted within its discretion when imposing sentence. *See Byrne*, 833 A.2d at 735; *Reichle*, 589 A.2d at 1141.

## III.

As to Clay's final claim that his plea was involuntary, we conclude that he is not entitled to relief. "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d

1267, 1271 (Pa. Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id.* (quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002)).

Pleas must be taken in open court and the trial judge must conduct an on-the-record colloquy to confirm that a defendant is aware of his rights and the consequences of his plea. The trial court must affirmatively demonstrate that a defendant understands: (1) the nature of the guilty plea; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences and possible fines; and (6) that the judge is not bound by the terms of the agreement unless he accepts them. *Commonwealth v. Watson*, 835 A.2d 786, 796-97 (Pa. Super. 2003).

The reviewing court will consider the totality of the circumstances when evaluating the adequacy of the plea colloquy and the voluntariness of the resulting plea. *Muhammad*, 794 A.2d at 383-84. A plea will be deemed valid if the circumstances surrounding the plea show that the defendant fully understood the nature and consequences of his plea such that he knowingly and intelligently entered the plea. *Commonwealth v. Rush*, 909 A.2d 805 (Pa. Super. 2006). A defendant who pleads guilty carries the burden of proving that he was unaware of what he was doing. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). A defendant who pleads guilty

is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.*

In view of the totality of the circumstances in this case, including those already discussed above, Clay cannot carry his burden of proving that he involuntarily entered his plea. In the written plea colloquy, he communicated his wish to enter a plea under the terms he had negotiated with the Commonwealth. He took responsibility for the crimes he was pleading guilty to and he stated that his plea was voluntary. He also indicated that he understood the rights he would be foregoing, including the right to a trial by jury, the Commonwealth's burden of proof, and his right to an appeal.

Clay said that after thoroughly discussing the case with trial counsel, he wanted to plead guilty because it was his best option. Although Clay briefly noted that he suffered mental and emotional problems, this was the sole evidence that he was less than fully competent to proceed. During the plea colloquy, he denied being under any treatment for such issues and the trial court inquired at length regarding his competence. The record in no way calls into question the voluntariness of Clay's plea.

To conclude, we agree with counsel's assessment that this appeal is wholly frivolous, and our independent review of the record shows that there are no issues of arguable merit which would pose a substantial question or

otherwise entitle Clay to relief. Counsel's petition to withdraw is granted and the judgment of sentence is affirmed.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2019