J-S43024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES PATRICK COSGROVE | |
| Appellant | No. 43 WDA 2020 |

Appeal from the Judgment of Sentence imposed December 4, 2019
In the Court of Common Pleas of Jefferson County
Criminal Division at No: CP-33-CR-0000562-2015

BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 22, 2021**

Appellant, James Patrick Cosgrove, appeals from the judgment of sentence imposed in the Court of Common Pleas of Jefferson County on December 4, 2019. Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

The factual and procedural background is not at issue. Briefly, on March 7, 2016, after accepting Appellant's guilty plea to one count of simple assault, the Court of Common Pleas of Jefferson County sentenced Appellant to two years' probation.

On December 4, 2019, after taking judicial notice of a new conviction in Cambria County,[1] the Court of Common Pleas of Jefferson County revoked Appellant's probation and resentenced him to serve one to two years in a state correctional institution.[2, 3]  This appeal followed.

The **Anders** brief challenges the discretionary aspects of Appellant's sentence.[4]  Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with **Anders** and **Santiago**. Our Supreme Court requires counsel to do the following.

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**.  The brief must:

_____

[1] On October 2019, Appellant pled guilty in Cambria County to disorderly conduct for an incident that took place in June 2019.

[2] It is unclear from the record how Appellant in June 2019 still could have been serving his original two years' probation sentence, which, as noted above, was imposed on March 7, 2016.  The 2016 sentencing order states that "the sentence shall commence the date the Defendant is released from jail." Sentencing Order, 8/3/16 at 1.  It appears, therefore, that the March 7, 2016 sentence was consecutive to a sentence Appellant was serving at that time, and that Appellant started serving the 2016 sentence later in time.  While it is unclear exactly when Appellant started serving the 2016 sentence, counsel for Appellant and the Jefferson County Court of Common Pleas nonetheless both state that Appellant committed the Cambria County crime while he was serving his Jefferson County probation.  As this matter is not challenged, we assume the statement is correct.

[3] A review of the guilty plea reveals that the simple assault plea exposed Appellant to a maximum two-year term of imprisonment.

[4] Specifically, Appellant argues that his one to two years' sentence in a state correctional institution was excessive in light of the surrounding circumstances.

> (1) provide a summary of the procedural history and facts, with citations to the record;

> (2) refer to anything in the record that counsel believes arguably supports the appeal;

> (3) set forth counsel's conclusion that the appeal is frivolous; and

> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief complies with these requirements by (1) providing a summary of the procedural history and facts with citations to the record; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**. All of **Anders**' requirements are satisfied.

As noted, Appellant argues that the trial court abused its discretion by imposing an excessive sentence, which implicates a challenge to the

discretionary aspects of his sentence.[5] *See*, *e.g.*, *Commonwealth v. Hornaman*, 920 A.2d 1282, 1283–84 (Pa. Super. 2007) (concluding that a claim that trial court imposed an excessive and unreasonable sentence implicated a discretionary aspect of sentence).

Because "there is no absolute right to appeal when challenging the discretionary aspect of a sentence," *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013), an appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test. We must determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For purposes of our review, we accept that Appellant has met the first three requirements of the above test. Therefore, we must determine whether Appellant raised a substantial question. Whether a particular issue constitutes a substantial question regarding the appropriateness of sentence is a question

---

[5] In an appeal, we may review the validity of the revocation proceedings, as well as the legality and discretionary aspects of any new sentence imposed. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-34 (Pa. Super. 2013) (*en banc*). Appellant's challenge is limited to the discretionary aspects of his sentence.

to be evaluated on a case-by-case basis. *See*, *e.g.*, *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

As noted in *Commonwealth v. Mastromarino*, 2 A.3d 581 (Pa. Super. 2010),

> [a] substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the [Pa. R.A.P.] 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Id.* at 585-86 (citation omitted); *see also* 42 Pa.C.S.A. § 9781(b).

A review of Appellant's statement of questions and Pa.R.A.P. 2119(f) statement reveals that Appellant failed "to articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." Pa.R.A.P. 2119(f). Indeed, Appellant merely argues that the sentence was "manifestly unreasonable" and "excessive" under the circumstances, and that a shorter county sentence would have sufficed. Appellant's Brief at 7, 10.

Bold allegations of excessiveness, such as the one raised here, are insufficient to raise a substantial question for our review. *See*, *e.g*., *Commonwealth v. Bromley*, 862 A.2d 598 (Pa. Super. 2004) (defendant did not raise substantial question by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated

by sentence); ***Commonwealth v. Trippett***, 932 A.2d 188 (Pa. Super. 2007) (bald allegation of excessiveness does not raise a substantial question). As such, we find Appellant's bald allegation insufficient to permit discretionary review.

Even if we were to address the merits of the contention (*i.e.*, excessive sentence), we would find that the trial court did not abuse its sentencing discretion.[6]

The trial court, which had the benefit of a pre-sentence investigation report, noted the following:

> [T]he fact was that he pled guilty to Disorderly Conduct in Cambria County while still on probation with Jefferson County. . . . [Appellant] admitted in another jurisdiction that he had engaged in conduct[,] which constituted that crime despite already being on probation in this county for Simple Assault. Added to that were prior convictions for Aggravated Assault and Persons Not to

---

[6] In general, the revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. ***See Commonwealth v. Hoover***, 912 A.2d 321, 322 (Pa. Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if: the defendant has been convicted of another crime; or the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. ***See*** 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. ***See Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006). The record as a whole can be used to evaluate the sentencing court's consideration of the facts of the case and the defendant's character. ***See Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001).

> Possess a Firearm, which painted an overall picture of a man inclined to engage in conduct that . . . placed others at risk of bodily injury or worse. Though his Cambria County conviction was only a summary offense, therefore, [the trial court] deemed the most appropriate sentence to be one that would remove [Appellant] from society for the longest possible period of time. That was not an abuse of discretion but a sentence fashioned in accordance with relevant sentencing objectives.

Trial Court Opinion, 2/20/20, at 1-2 (citation to the record omitted).

In light of the foregoing, even if Appellant had presented a substantial question for review, his claim that the sentencing court abused its discretion would not provide any basis for relief. *See* 42 Pa.C.S.A. § 9771(c).

We have conducted an independent review of the record and addressed Appellant's arguments on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issue Appellant seeks to litigate in this appeal is without merit and our independent review of the record has not revealed any other meritorious issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/22/2021

- 7 -